UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICIA A. BRADEN,<br><br>                Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. 3:20-cv-05933-JRC<br><br>ORDER ON MOTION FOR EQUAL ACCESS TO JUSTICE ACT FEES AND EXPENSES |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter is before the Court on plaintiff's contested motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *See* Dkts. 23–27.

**BACKGROUND**

In September 2020 plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. Dkt. 5. Defendant filed the sealed administrative record on March 25, 2021. Dkt. 12. After the parties completed briefing, this Court issued a decision on

August 10, 2021, reversing the Commissioner's decision and remanding for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. 20.

On November 6, 2021, plaintiff filed a motion for $7,528.24 in attorney's fees and $7.65 in expenses pursuant to the EAJA. Dkt. 23. Defendant objected to plaintiff's request asserting that the time expended by plaintiff's attorneys is not reasonable. Dkt. 25. Plaintiff filed his reply on November 26, 2021. Dkt. 26.

## DISCUSSION

In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010) (citing *Flores v. Shalala*, 49 F.3d 562, 569–70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, it "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436–37.

ORDER ON MOTION FOR EQUAL ACCESS TO
JUSTICE ACT FEES AND EXPENSES - 2

Here, defendant does not dispute that plaintiff is entitled to an EAJA award. *See* Dkt. 25. Instead, defendant argues that the time expended by plaintiff's attorney is not reasonable. *Id.* at 4. Specifically, defendant objects to the twenty-nine hours plaintiff's attorneys spent on the opening brief. *Id.* Defendant asks the Court to reduce plaintiff's fees by ten percent. *Id.* at 2.

Once the Court determines a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley*, 461 U.S. at 429, 433 n.7. "When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible. As *Hensley* described it, the explanation must be 'concise but *clear*.'" *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (emphasis in original, citations omitted). In determining whether the hours expended were reasonable, this Court will consider: (1) awards in similar cases; and (2) the novelty and difficulty of the questions involved in this case. *See Hensley*, 461 U.S. at 429–30 n.3; *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Furthermore, "a district court can impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation." *Costa v. Comm'r of SSA,* 690 F.3d 1132, 1136 (9th Cir. 2012) (citing *Moreno v. City of Sacramento,* 534 F.3d 1106, 1112–13 (9th Cir. 2008).

According to the attorney declaration and itemization of fees and expenses, attorneys Noah and Eitan Yanich spent a total of 29 hours drafting, editing, and filing the opening brief. *See* Dkt. 23-2. Plaintiff's attorney argues that this time was reasonable. Dkt. 27, at 2. This Court disagrees.

The administrative record is not unusually large, and the issues raised were not complex. *See* Dkt. 14, at 2. This is especially true for plaintiff's attorney—who claims to have represented

over eight hundred disability claimants in federal court—and is familiar with these issues. Dkt. 27, at 1. Furthermore, a reduction is appropriate for time spent drafting lengthy summaries of the medical evidence unrelated to any meaningful argument about alleged errors in the ALJ's decision. For example, in one section—as the Court mentioned in its decision (Dkt. 20, at 3)—the opening brief contains 4 pages summarizing "other medical evidence" and only one sentence of argument at the end. *See* Dkt. 14, at 4–8. This Court, and others, have repeatedly warned this plaintiff's counsel that such factual summaries of the medical evidence are not helpful unless related to the issues in the appeal. *See*, *e.g.,* Case No. 3:20-cv-05390-JRC, Dkt. 24, at 14 (W.D. Wash. May 12, 2021); Case No. 3:18-cv-05313-JRC, Dkt. 31, at 7 (W.D. Wash. Oct. 24, 2019); *Ashley H. v. Comm'r of Soc. Sec.*, C18-5755 JLR, 2019 WL 3387451, at *2 (W.D. Wash. July 26, 2019); *John M. v. Comm'r of Soc. Sec.*, No. C18-5495 RBL, 2019 WL 2005778, at *3 (W.D. Wash. May 7, 2019); *Rachel S. v. Berryhill*, No. C18-5377 RSL, 2019 WL 1013469, at *4 (W.D. Wash. Mar. 4, 2019)).

Therefore, the Court will exercise its discretion and reduce plaintiff's attorney's fees by ten percent.

**CONCLUSION**

For the foregoing reasons, plaintiff is awarded 6,775.42 in attorney's fees and $7.65 in expenses, pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). This constitutes a ten percent reduction from plaintiff's initial request of 7,528.24. *See Costa*, F.3d at 1136.

The Commissioner shall contact the Department of Treasury after the Order for EAJA fees is entered to determine if the EAJA fees are subject to any offset. If it is determined that plaintiff's EAJA fees are not subject to any offset allowed pursuant to the Department of the

1 | Treasury's Offset Program, then the check for EAJA fees shall be made payable to Eitan Kassel
2 | Yanich, based on plaintiff's assignment of these amounts to plaintiff's attorney. *See* Dkt. 22. If
3 | there is an offset, the remainder shall be made payable to plaintiff, based on the practice of the
4 | Department of the Treasury. *See*, *e.g.*, Case No. 2:15-cv-122, Dkt. 22, at 4. Any check for EAJA
5 | fees shall be mailed to plaintiff's counsel, Eitan Kassel Yanich, at Eitan Kassel Yanich, PLLC,
6 | 203 Fourth Avenue E., Suite 321, Olympia, WA. 98501.
7 | Dated this 29th day of November, 2021.

*[signature]*

J. Richard Creatura
Chief United States Magistrate Judge